Mr. Justice Todd
 

 delivered the opinion . of the court. In this case the question of fact, whether the deed of Henry Lee to Adam Craig was duly executed on the day it bears date, was left by the court to the jury, and upon the evidence, they properly found a verdict in favour of that .deed, as an existing deed at that time.
 

 The material question for the consideration of this
 
 *452
 
 court is, whether, under the.circumstances of this case, the deed of Henry Lee to Henry Banks, which was executed
 
 after,
 
 but recorded before, the deed of Lee to Craig has a priority over the latter.
 

 This depend? upon the construction of .the
 
 terms
 
 of the conveyance from Lee to Banks .j for if it eon» veys the same land as the deed .to Craig, then the parties' claiming under' it, being
 
 bona fide
 
 purchasers, without notice of Craig’s deed, are by law deemed to possess tfie better.title.
 

 It is necessary to bear in mind, that Alexander Skinner, b.y his will, devised ail his real -estate to. Lee, ■and that Lee, by his deed to Craig, cónvey.ed the tract of land in controversy, specifically by metes and boundary, describing himself as devisee of Skinner. By his deed to Banks, he grants ■■“ all the right, title and. claim, which he the said Alexander Skinner had, .and oil' the right, title, and interest which the said Lee
 
 holds
 
 as legate! and representative to the said Alexander Skinner, deceased, of all land, lying and being within .the state of -Kentucky, which cannot at this time be particularly described, whether they be by deed, patent, mortgage, survey, location, contract, or otherwise . and then follows a covenant of war ranty against all persons claiming under Lee, his heirs and assign's,'
 

 A conveyance oí the
 
 right, title, and interest
 
 in land, 'is certainly sufficient to pass the land itself, if the party conveying' has an, estate therein at the time of the conveyance; but it passes no .estate which was not
 
 then
 
 possessed by the party. If the deed to Bapks had stopped after the words-
 
 (t.
 
 all' the right,
 
 *453
 
 title and claim which Alexander Skinner bad,” • there might he strong ground to contend, that it embracedjall the lands to which Alexander Skinner had any right,. title, or claim, at the time of his death, and thus have included the lands in controversy. But the court is of opinion, that those words are qualified by the succeeding clause, which limits the conveyance to the
 
 right, title, ahd claim,,
 
 which Aléxander Skinner had at the time of hjs decease* and which Tee $flso
 
 held at the time óf his
 
 Conveyance^and.coupling both elapses.together, the conveyance operated only upon fends,:the right,, title, and interest of which was then in Lee, and which he derived from Skinner. This construction is, in the opinion of the court, a reasonable one, founded oh the.apparent intent of the parties, arid corroborated by the terms of the covenant of warranty. Upon any other construction, the deed must be deemed a fraud upon the prior purchaser': but in this way both deed!' may well stand together, consistently with the innocence of all parties..
 

 Judgment affirmed..