## CHARLES MILLS *v.* HENRY W. CATLIN.

A deed should be construed according to the intention of the parties, as manifested by the entire instrument.

Although the covenants in a deed should not be so understood, as to enlarge the estate granted in the premises of the deed, yet, when a question arises as to what is granted, they may be resorted to, for the purpose of aiding the construction.

A covenant, in a deed, that the grantor is seized in fee simple of the premises conveyed, implies, that he has the whole title.

If the intention of the parties, upon the face of the deed, be ambiguous, the construction is to be most strongly against the grantor.

Where, in a deed, the premises conveyed were described in these words,—" the following described land in Colchester—all the land, which I own by virtue of a deed, dated the eighteenth day of January, 1843, from Asa S. Mills, re-

Mills *v.* Catlin.

corded," &c.—" being all my right and title to the land comprising fifty acres off of the east end of lot No. 75 in said town,"—and the *habendum* was in these words,—" to have and to hold the above granted and bargained premises," &c.—and the grantor covenanted, that he was " seized of the premises in fee simple," that he had good right to sell the same, that they were free from all incumbrances, and that he would warrant and defend them against the lawful claims of all persons, it was held, that the thing granted was the land itself, and not merely such title to the land, as the grantor had, and that the grantor was liable for any breach of the covenants.

In assigning a breach of the covenant against incumbrances it is not sufficient to allege, in a direct negative, that the defendant has not kept and performed his covenant, but the breach must be specially assigned, setting forth the incumbrance complained of; but a general assignment of breaches of the covenant of seisin and of good right to bargain and sell is sufficient.

An outstanding life estate in the granted premises, at the time of the execution of the deed, constitutes a breach of the covenant of seisin, without eviction; and it is no defence to an action for the breach of the covenant, in such case, that the grantee has always continued in possession of the premises, since the execution of the deed.

Where the plaintiff proves an outstanding life estate, as a breach of the covenant of seisin, and gives evidence as to the age and general state of health of the tenant for life, and the annual value of the premises, it is not error for the court to allow Dr. Wigglesworth's tables for estimating life estates to be used by the jury, in computing the damages, under proper instructions in regard to the use to be made of them.

COVENANT. The plaintiff alleged in his declaration, that the defendant conveyed to him, by deed, the equal, undivided half of fifty acres of land on the east end of lot No. 75 in Colchester, with covenants of seisin, of good right to bargain and sell, and against incumbrances, and averred, in general terms, a breach of each of these covenants. The defendant pleaded performance of his covenants. Trial by Jury, March Term, 1847,—BENNETT, J., presiding.

On trial the plaintiff offered in evidence a deed to himself from the defendant, dated August 5, 1843, conveying premises as follows, —" the following described land in Colchester—all the land which I own by virtue of a deed dated the eighteenth day of January, 1843, from Asa S. Mills, and recorded in the ninth book of records of land in Colchester, on page 468, being all my right and title to the land

comprising fifty acres of the east end of Lot No. 75 in said town;" and the *habendum* being in these words,—" To have and to hold all the above granted and bargained premises, with all the privileges," &c.; and containing covenants in these words,—" that at and until the ensealing of these presents I am well seised of the premises in fee simple, that I have good right and lawful authority to bargain and sell the same in manner and form as is above written, that they are free and clear of all incumbrances, and that I will warrant and defend the same against the lawful claims and demands of any person or persons whomsoever." The plaintiff also offered in evidence, in connection with this deed, the deed from Asa S. Mills to the defendant, mentioned above, which purported, in the granting part, to convey " the following land, situated in Colchester," &c., " and described as follows, to wit, one equal undivided half of fifty acres from the east end of lot No. 75, which fifty acres is the same land deeded to Myron Mills and Henry W. Catlin on the fifth of November, 1833;" but in the covenants, in this deed, there was an exception named of a life estate in the premises, belonging to Hannah Mills. The defendant objected to the admission in evidence of both of these deeds; but the objection was overruled by the court. The plaintiff then offered to show a breach of the covenants declared upon, by proving that Hannah Mills had a life estate in the entire fifty acres, mentioned in the declaration, by force of a lease to her from Myron Mills and Asa S. Mills, dated March 14, 1837, which purported to convey to her, for her life, " fifty acres of the east part of 100 acre lot No. 75 in Colchester," and the possession of Hannah Mills under the lease, without any other evidence of such title;—to which the defendant objected, on the ground that the land described in the lease was not the same described in the declaration, and that, if it were, as that particular incumbrance was not specified in the declaration, the plaintiff could not show it in evidence; but the objection was overruled by the court, and the evidence admitted. The plaintiff then gave evidence tending to prove the annual value of the premises, and that Hannah Mills was sixty two years old, and that she enjoyed the usual health of a woman of her age, and then offered in evidence Dr. Wigglesworth's tables of the mode of estimating life estates, as published in Oliver's Conveyancer;—to which the defendant objected, but the court overruled the objection and the

Mills v. Catlin.

tables were allowed to go to the jury. There was no evidence of any outstanding title in Hannah Mills, at the date of the deed from the defendant to the plaintiff, except the lease above mentioned.

The defendant offered to prove, in mitigation of damages, that the plaintiff had always enjoyed the possession of the premises, and had never been ousted therefrom; to which evidence the plaintiff objected, and it was excluded by the court.

The defendant requested the court to charge the jury, that there was no sufficient evidence to show a breach of the covenants declared upon; but the court instructed the jury, that the lease to Hannah Mills was, of itself, without showing either title or possession in either of the lessors at the time of its execution, sufficient evidence of such a breach, upon the ground that the defendant received his title from Asa S. Mills.

The jury returned a verdict for the plaintiff, for $160 damages. Exceptions by defendant.

After verdict the defendant moved in arrest of judgment, for the insufficiency of the declaration,—which motion was overruled by the court; to which decision the defendant also excepted.

*C. D. Kasson* for defendant.

The deed offered in evidence was improperly received, by reason of the variance. The declaration counts upon an absolute deed of " an equal undivided half of fifty acres of land," &c. But it is apparent, from the language of the deed, that the grantor intended no such absolute description of the premises. He describes the premises conveyed as " all the land *I own by virtue of a deed from Asa S. Mills.*" If we refer to the deed from Asa S. Mills, we find that *he* manifestly did not intend to convey any such land, except as subject to the life estate, which is excepted in the covenants, though not mentioned in the premises. *Rogers* v. *Clark*, 7 Johns. 217. *Jackson* v. *Hoffman et al.*, 9 Cow. 271. It is clear, that the deed from Asa S. Mills did not in fact convey to the defendant any greater estate, than the grantor had, that is, the remainder in fee; and as the defendant has only conveyed all he " owns by virtue of that deed," and as he did own the *remainder only*, the estate is different from that set up in the declaration, and the variance is fatal. The intention of the parties will prevail. 1 Mass. 219. 4 Ib. 135,

205. 6 Ib. 246. 9 Ib. 514. 11 Ib. 163. 17 Ib. 289. *Crawford* v. *Morrell*, 8 Johns. 253. Nor does the last clause in the defendant's deed alter this conclusion ; it is not repugnant to but explanatory of the first clause,—expressly declaring, that the estate so granted was "all his right and title" only to the land mentioned ;— and these words should not be construed as conveying the land itself. *Van Dyke* v. *Van Beuren*, 1 Johns. 345. *Ward* v. *Bartholomew*, 6 Pick. 409. *Cutler* v. *Tufts*, 3 Ib. 272. *Hurd* v. *Cushing*, 7 Ib. 169. *Whitbeck* v. *Cook*, 15 Johns. 491. *Allen* v. *Holton*, 20 Pick. 458. *Litchfield* v. *Cudworth*, 15 Ib. 26. Nor does the fact, that it is a warrantee deed, affect it. The covenants only relate to the " above granted and bargained premises," not to the specific land conveyed. *Jackson* v. *Stevens*, 16 Johns. 114. *Corbin* v. *Healy*, 20 Pick. 516.

The breach is not well assigned. The declaration should set out the incumbrance. *Julliand* v. *Burgott*, 11 Johns. 6. *Mitchell* v. *Warner*, 5 Conn. 497. *Kellogg* v. *Robinson*, 6 Vt. 281.

The mere fact of the existence of the life lease is no sufficient evidence of a breach. The lessors may have had no title at the time of its execution ; or Asa S. Mills may have acquired title since, and before conveying to the defendant. The *onus* was on the plaintiff, to show a breach, and he should show enough to show a valid subsisting incumbrance, or title, in a stranger.

The basis of the rule of damages (Wigglesworth's tables) was erroneous. The different covenants require different rules of damages.

*Platt & Peck* for plaintiff.

The description of the land in the declaration does not vary from that which is contained in the deed to the plaintiff. The declaration contains the description in the deed from Asa S. Mills to the defendant. The latter is adopted in the deed to the plaintiff. The remainder of the premises in the latter deed is consistent with the previous part of the same premises.

It is objected, that the clause in the premises of the deed to the plaintiff,—" being all my right and title to the land,"—incorporates into this deed the exception of the life estate, which is specified in the deed to Catlin, and thus controls the covenants in the deed. In

the first place, if the objection be just, to the extent claimed, it would be equally just, if the outstanding interest were other than it is, but less than a fee,—as if Catlin had no estate in the land, when he deeded. In other words, according to the objection, it is a deed of quitclaim. If the granting part of the deed were in the technical language of a deed of quitclaim, the covenants would fully operate ; the premises would profess to convey what title the defendant had, and the covenants would be an assurance, that he had a perfect title. But, secondly, if this clause and the covenants are *repugnant,* the clause must be rejected,—else, several rules of interpretation will be violated ;—the rule, that where general and particular, but inconsistent, words are used upon the same subject matter, the latter must prevail; *Hickok* v. *Stevens,* 18 Vt. 111 ; *Thorpe* v. *Thorpe,* 1 Ld. Raym. 235 ; 8 Co. 150 *b* ;—also the rule, that where *repugnant* terms, equally certain, are employed, the construction must be against the party using them ; *Hess* v. *Stevenson,* 3 B. & P. 566 ; *Cutler* v. *Tufts,* 3 Pick. 273 ; *Sprague* v. *Snow,* 4 Ib. 54. Effect may be given to this clause, by treating it as expressive of the grantor's connection with the land, as a co-tenant.

The outstanding life estate, and the lessee's possession under it, might be proved as a breach of the first two covenants. The covenant of seisin in fee absolutely imports an assurance of a lawful fee, accompanied with actual possession, or the right to immediate possession. 15 Johns. 483, 550. 5 Conn. 500. 5 Vt. 19.

Proof of the lease to Hannah Mills was sufficient to show an outstanding interest. Asa S. Mills and his privy in estate, Catlin, are estopped to deny that the lease was executed by right. 1 Greenl. Ev. §§ 23, 24.

The life tables were properly read to the jury, as they were not instructed to be governed by them.

The evidence offered by the defendant was properly rejected, as it was not proposed to show, that Catlin had bought in the life estate, and that the plaintiff entered in consequence of the purchase.

The opinion of the court was delivered by

BENNETT, J.   An important question is raised in this case, in relation to the construction of the granting part of the deed from the defendant to the plaintiff. The grant, or rather the thing granted,

is thus described by the grantor,—" *the following described land* in Colchester; all the land which I own by virtue of a deed, dated the eighteenth day of January, 1843, from Asa S. Mills, recorded," &c.—" being all my right and title to the land comprising fifty acres off of the east end of lot No. 75 in said town." This deed should be construed according to the intention of the parties, as manifested by the entire instrument. The *habendum* is, to have and hold the *above granted and bargained premises,* &c., referring to the granting part of the deed. The deed has also the usual covenants, expressed in common form. The deed from Asa S. Mills to the defendant, in the granting part, purports to convey " *the following land,* situated in Colchester," &c., " described as follows, to wit, one equal undivided half of fifty acres from the east end of lot No. 75, which fifty acres is the same land deeded to Myron Mills and Henry W. Catlin on the fifth of November, 1833." We think, upon the whole deed, it is to be taken, that the *thing* granted in the premises of the deed is the land itself, and not simply such title to it, as Catlin derived from his grantor.

The grant is, of the following described *land,* to wit, all the *land,* which I own by virtue of the deed of Asa S. Mills to me. These latter words are evidently used as descriptive of the thing granted, that is, of the land itself, and not of the *quantity of interest* in the land. The *habendum* in the deed is consistent with this. The covenants are, that the defendant is seized of the *premises* in fee simple, that he has good right to bargain and sell the same, that they were clear and free of all incumbrances, and that he would defend the same against the lawful claims of all persons whatever. Though it may be true, that the covenants in a deed should not be so understood, as to enlarge the estate granted in the premises of the deed, yet when it becomes a question of construction, as to what is granted, they may well be resorted to, to help out the construction,— and this upon the principle, that reference is to be had to the whole deed, and that every part is to have an operation, if possible.

If the thing granted in the premises of Catlin's deed were only such a right and title to the undivided half of the fifty acres, as he acquired from Asa S. Mills, then the operation of the covenants should be so limited, as to insure to the grantee such and only such an interest. But this would be opposed to the obvious import of

Mills v. Catlin.

the covenants, and render them in a great degree ineffectual. Catlin covenants, that he is seized of the premises *in fee simple;* and this implies, that he has the whole estate; and he covenants to defend them against all lawful claims whatever. But upon the defendant's construction of the deed, the covenants should only insure to the grantee such a title, as Catlin had acquired to the premises by his deed; and if he had acquired none, then they would be worthless. This, in effect, would be only to covenant against his own acts, going to impair whatever title he might have acquired under his deed.

The closing words in the description of what is granted in the defendant's deed, viz., " being all my right and title to the land comprising fifty acres from the east end of lot No. 75," were probably thrown in, for the reason that only an undivided moiety of the fifty acres had been conveyed to Catlin by Asa S. Mills; and though these words, standing alone, are appropriate to describe the interest conveyed, yet to give them that operation, in the connection in which they are used, would be to reverse the rule, which requires the construction to be on the entire deed. Words should always be understood with reference to the *subject matter* and the connection in which they are used. The subject matter of the grant, we think, was *the land* itself; and it need hardly be remarked, that *land,* not only in its legal but popular sense, comprehends the soil, or ground, itself.

Upon the principle, then, that the construction is to be upon the entire deed, and that one part is to help expound another, and that every word, if possible, is to have effect, and none be rejected, and all the parts thereof agree and stand together, we think it must be held to have been the intention of the parties to grant the *land,* and that the *habendum* in the deed is to hold *the land,* and the covenants are, as they import to be, unlimited, and relate to the *land* and insure title to it. But if, after all, we considered the intention of the parties *ambiguous,* the rule would be interposed, that the construction, in such case, is to be most strongly against the grantor, and in favor of the grantee,—and this to prevent an evasion of the covenants by the grantor, by his use of obscure and equivocal words.

It follows, then, that this declaration is according to the legal effect of the deed, and the objection of variance is removed.

Mills *v.* Catlin.

Under the motion in arrest, it is claimed, that there is no sufficient breach of the covenant against incumbrances assigned, either in the declaration, or in the plaintiff's replication to the defendant's plea of performance. I understand the law is well settled, that in assigning a breach of the covenant against incumbrances, it is not sufficient to allege, in a direct negative, that the defendant has not kept and performed his said covenant; but the breach must be specially assigned, setting forth the incumbrance complained of. So far as this covenant is concerned, the declaration is ill clearly on demurrer; and whether this is such a defect, as would be cured by verdict, it is not necessary to consider, much less to decide. All the authorities agree, that a general assignment of breaches on the covenant of seisin and of good right to bargain and sell is sufficient. So much of the declaration, as is founded upon these two covenants, is well enough. The question then arises, does the outstanding life estate in Hannah Mills, at the time of the execution of Catlin's deed, constitute a breach of either of these covenants?

As Hannah Mills took her deed of her life estate from Catlin's grantor and one Myron Mills, Catlin cannot deny its validity; and we think her life estate in the premises was a breach of the covenant of seisin, and I also think of the covenant, that the defendant had a good and lawful right to convey in fee simple. Whatever have been the decisions in other states, our courts have held, that the covenant of seisin imports a covenant of title. See *Catlin* v. *Hurlburt,* 3 Vt. 403. In *Richardson* v. *Dorr,* 5 Vt. 19, it is said, that to satisfy a covenant, that the vendor is seised in fee simple, it must appear, that he not only had an estate in the lands in fee, but also that he was seised of the same and had a right of possession. If his estate were less than a fee, or if he were seised by wrong, it could not in either case be said, that he was *lawfully* seised in fee. To be seised in fee simple, a man must have the whole estate, and not simply a part of it. The covenant of seisin is an assurance to the purchaser, that his grantor has the very estate, both in quantity and quality, which he purports to convey. Platt on Cov. 306. *Howell* v. *Richards,* 11 East 642. The life estate, then, outstanding in Hannah Mills, was a breach of the covenant of seisin, and no eviction was necessary.

We see no objection, that the jury should have had the tables of

Dr. Wigglesworth to aid them in calculating the value of the outstanding life estate ; and it was evidently for this purpose, that they went to the jury. Evidence had been given of the age of Mrs. Mills, and the general state of her health, and there is no complaint, but what the jury received proper instructions in regard to the use to be made of the tables.

The evidence offered by the defendant, that the plaintiff had always been in the possession of the premises, since he took his deed from Catlin, was properly excluded by the county court. If so, the plaintiff would be liable to Hannah Mills for the *mesne* profits; and consequently it should not affect the damages in this case. Catlin had no right to put the plaintiff in possession, as against Mrs. Mills, and of course the possession could not enure to Catlin's benefit, so long as the plaintiff was liable to pay her for the use and occupation.

The only question raised on the bill of exceptions, growing out of the charge of the court, is in relation to the effect of the evidence, in showing a breach of the covenants declared upon. The declaration being good, so far as relates to the covenant of seisin, and the outstanding life estate being a breach of that covenant, the plaintiff may well retain his verdict. If the declaration were bad, so far as relates to the covenant against incumbrances, that part of it might have been met by a demurrer, and the residue by a plea. Though a question has been argued in this court in reference to the rule of damages adopted by the county court, yet no such question is saved on this bill of exceptions. It may perhaps be quite questionable, whether the county court adopted the correct rule; but it seemed to be satisfactory to the parties at the time.

The result is, we find no error in the proceedings of the county court, and their judgment must be affirmed.