EPHRAIM BALLARD *versus* JAMES R. CHILD, *Ex'r.*

The covenants in a deed are restricted to the grant. And, if the grantor con-
veys only his right, title and interest in the premises, he is not liable upon
his covenants of warranty, against persons claiming title under him, though
he had previously conveyed the land to another.

REPORTED by RICE, J., November Term, 1857.

This was an action of COVENANT BROKEN. The question
involved, was the liability of the defendant's testator upon
his covenants in a deed, conveying only his right, title and in-
terest in the premises. The facts sufficiently appear in the
opinion of the Court.

*Lancaster* argued for the plaintiff.

*Vose*, for the defendant, made the following points:—

1. The plaintiff had actual notice of the prior deed of a
portion of the premises. This portion was inserted in the
deed by mistake. But, if evidence of this fact was not ad-
missible, the plaintiff, having actual notice of the former deed,
can recover nominal damages only. *Leland* v. *Stone*, 10
Mass. 459; *Baxter* v. *Bradbury*, 20 Maine, 262.

2. But the defendant's testator conveyed only his right,
title and interest in the premises. The covenants are not to
be made broader than the grant. The plaintiff, therefore, can
recover nothing, though the title fails.

The opinion of the Court was delivered by

TENNEY, C. J.—Under the agreement of the parties, from
the evidence which is competent, the Court are to find the
facts, and apply thereto the law.

On Oct. 27, 1842, the defendant's testator gave to Thomas
Sawyer, jr., his heirs and assigns, a deed of a parcel of land,
in Augusta, called, in the case, the school house lot. On Oct.
30, 1845, he gave a deed to the plaintiff, of all the interest
and right he then had in and to a larger parcel of land, in
Augusta, described by metes and bounds, and which embraces,

Ballard *v.* Child.

in the boundaries, the premises conveyed to Sawyer, with the covenant warranting against the lawful claims of all persons, claiming by, through, or under him. This deed was recorded earlier than the former, but it is agreed by the parties in this case, that the plaintiff, at the time he took it, had actual knowledge of the deed to Sawyer. The title of the school house lot was, therefore, in the latter, nothing therein having passed to the plaintiff. And, for the breach of the covenant of non-claim, this action is brought.

It cannot be supposed, that the plaintiff understandingly paid a valuable consideration for the school house lot, on the delivery of the deed to him, inasmuch as he must have known that he acquired no right whatever to that part of the premises described. If, therefore, the description of the land had been unqualified, we are warranted in drawing the inference, from the facts, that this lot was intended to be excepted, but the exception was omitted through mistake. In this respect, the case is precisely similar to that of *Leland* v. *Stone*, 10 Mass. 459, and a like result would be proper.

But on another ground, which distinguishes this case from the one cited, the plaintiff must fail to recover even nominal damages.

The deed from G. C. Child to the plaintiff, being only of the " right and interest" of the grantor in the premises, the land described in the deed to Sawyer was excluded from the description, and the covenant could not apply thereto. This seems to be the settled doctrine of the law. In *Allen* v. *Holton*, 20 Pick. 458, WILDE, J., in delivering the opinion of the Court, says, in regard to a deed conveying the grantor's right, title and interest in the land described, " the grantor conveys his own title only, and all the subsequent covenants have reference to the grant and are qualified by it. In *Sweet* v. *Brown*, 12 Met. 175, which was an action of covenant broken, it was held, that the covenant of warranty must be restricted to the grantor's title and interest, which was the language used in the description of the premises. *Hurd* v. *Cushing & al.*, 7 Pick. 169; *Blanchard* v. *Brooks*, 12 Pick.

47; *Adams* v. *Cuddy*, 13 Pick. 460; *Brown* v. *Jackson*, 3 Wheaton, 449; *Coe* v. *persons unknown*, 43 Maine, 432.

*Judgment for the defendant.*

RICE, HATHAWAY, APPLETON, MAY, and DAVIS, J. J., concurred.