SARAH D. CUMMINGS *v.* HENRY DEARBORN.

*Deed, Construction of. Quit-claim Deed. Breach of Covenant.*

In the granting part of the deed, which was in the usual printed blank form for a warranty deed, the printed words, "forever, a certain piece of land lying and being," etc., were stricken out, and the words, "all my right, title, and interest in and unto," written in lieu thereof, and were followed by a description of the land. The *habendum* was "the above granted and bargained *premises,*" etc., with covenants, "that until the ensealing of these presents, we are the sole owners of the *premises,* and that they are free," etc. *Held,* that the word *premises* may refer to the *title and interest* intended to be conveyed as well as to the land itself, and that the deed was a quit-claim deed.

COVENANT. Heard on demurrer, February Term, 1884, TAFT, J., presiding. Demurrer overruled, and the declaration held sufficient.

*Hunton & Stickney,* for the defendant.

In construing the deed, the written portion is entitled to the greater consideration. *Carrigan* v. *Ins. Co.,* 53 Vt. 418. Striking out the printed words, and inserting the written, show that the intent was to sell and convey only the title and interest. The covenants should be construed in reference to the thing granted, and not be taken to enlarge it. *Smith* v. *Pollard,* 19 Vt. 277; *Gray* v. *Clark,* 11 Vt. 583; 2 Kent Com. 584. If the grantors intended to covenant they were the sole owners of the land, it was absurd to restrict the covenant of warranty. *Stannard* v. *Foster.* Adol. & El. [572]; per Lord DENMAN, in 33 E. C. L. 156; 1 Swift Dig. 223. The written words are more specific and particular, and should have effect. *State* v. *Trask,* 6 Vt. 355; *Flagg* v. *Eames,* 40 Vt. 16; *Wheelock* v. *Moulton,* 15 Vt. 519; 18 Vt. 111; 28 Vt. 382; 3 Kent. Com. 556.

*Norman Paul*, for the plaintiff.

The intent must govern. *President, etc., of Middlebury College* v. *Cheeny*, 1 Vt. 336. And it is apparent from the language in the deed that the grantors conveyed an absolute title in fee simple of the land.

The purpose of an *habendum* is to define precisely the extent of the interest granted. It may lessen, enlarge, explain or qualify the interest described in the premises, but it must not be totally repugnant to it: per STRONG, J., in *Tyler* v. *Moore*, 42 Penn. St. 386; 2 Wash. R. P. 628, 671; *Adams* v. *Dunklee*, 19 Vt. 382; *Mills* v. *Catlin*, 22 Vt. 98; *Cong. Society* v. *Stark*, 34 Vt. 243; *Flagg* v. *Eames*, 40 Vt. 16; *Thompson* v. *Carl*, 51 Vt. 408; *Jackson* v. *Ireland*, 3 Wend. 100; *Goodtitle* v. *Gibbs*, 11 E. C. L. 648.

There is no repugnancy between the premises and *habendum* in the deed; the clause, "we are the sole owners of the premises," simply explains the extent of the interest which the grantor intended to convey. 4 Kent Com. 573, 586; *Easterbrook* v. *Smith*, 6 Gray, 572; *Sumner* v. *Williams*, 8 Mass. 203, 214; *Howell* v. *Richards*, 11 East, 633; *Smith* v. *Compton*, 23 E. C. L. 91.

The opinion of the court was delivered by

ROWELL, J. The declaration alleges that on June 27, 1866, the defendant and his wife, by their deed of that date, bargained, sold, and conveyed to the plaintiff a certain tract of land, describing it, and therein, among other things, covenanted that they were the sole owners of the premises.

The defendant craved oyer of the deed, set it out, and demurred.

By the deed it appears that the grantors did "freely give, grant, sell, convey, and confirm unto" the plaintiff "all my right, title, and interest in and unto" certain lands, describing them, *habendum*, "the above-granted and bargained premises," etc., with covenants "that until the ensealing of these presents, we are the sole owners of the premises, and that they are free

from every incumbrance, and we hereby engage to warrant and defend the same against all lawful claims made or suffered by us."

The question is upon the construction of this deed, and we think it clear that it is nothing but a quit claim deed. In making it, the usual printed blank form of a warranty deed was used, and in the granting part, after the words, "freely give, grant," etc., "unto," etc., the printed words, "forever, a certain piece of land lying and being," etc., were stricken out, and the said words, "all my right, title, and interest in and unto," written in lieu thereof. This is significant to show the intention of the grantors, and their purpose to convey just what, and only what, their deed purports to convey—their title and interest in the land and not the land itself.

But the plaintiff contends that looking at the whole deed—as we must—the fair construction of it is that the grantors intended thereby to convey the land itself and not merely their title and interest therein; and it is said that this is shown by the fact that all the covenants except that of warranty are absolute and unlimited in form, and by the further fact that the word *premises* is used in the *habendum* and the covenants, which, it is argued, means the land itself. But the word *premises* may refer to the title and interest intended to be conveyed as well as to the land itself—*Smith* v. *Pollard*, 19 Vt. 277—and we think that in this case it should be construed to have reference to such title and interest as the grantors had in the land at the time of the conveyance. A conveyance of right, title, and interest in land is sufficient to pass the land itself if the party conveying has an estate therein at the time of conveyance; but it passes no estate that was not then possessed by him. *Brown* v. *Jackson*, 3 Wheat. 449.

*Brown* v. *Thrall*, 28 Vt. 382, is a direct authority against the plaintiff. There a deed commencing in the usual form of a bargain and sale, described the thing conveyed as " all my right, title, and interest that I have in the premises, privileges, and appertenances of the saw-mill," etc., *habendum* in usual form,

and a covenant of warranty to defend the "aforesaid premises." against "all claims whatsoever;" and it was held that the deed conveyed simply the grantor's right and title to the premises, and that if he had no right nor title thereto the deed was of no value and the covenant of warranty of no practical benefit.

So in *Blanchard* v. *Brooks*, 12 Pick. 47, where a devisee, by his deed with a general warranty of "the premises," conveyed "all his right, title, interest, and estate in and to an undivided moiety of" certain real estate devised wherein he had both a vested interest and a contingent interest, it was held that the grant operated to pass the vested estate only, and that the warranty, being only co-extensive with the grant, did not extend to the contingent interest, and hence did not operate upon it by way of estoppel.

In *Allen* v. *Holton*, 20 Pick. 458, which was a writ of entry, the tenant set up a title by disseisin to a part of the demanded premises, and to prove that he and those under whom he claimed had had adverse possession for the requisite time, he offered the deposition of one Henry Tiffany, to which it was objected that Tiffany was incompetent as a witness on the ground of interest, for that the tenant claimed under a warranty deed from him. The phraseology of the deed was, "I hereby give, grant," etc., "all my right, title, and interest in and unto the ferry called and known by the name of Tiffany's ferry, * *   *  and all the estate, land and buildings standing therein, situate," etc., *habendum*, etc., with covenants of ownership and general warranty; and it was held that Tiffany was a competent witness, for that by said deed he conveyed his own title only, and that all the covenants had reference to the grant, and were qualified and limited by it.

So in *Sweet* v. *Brown*, 12 Met. 175, the defendant conveyed to the plaintiff "all my right, title, and interest in and to" certain real estate described by metes and bounds, courses and distances, with the usual covenants of seisin and warranty; and it was held that this was not a grant of certain lands in general terms, but of the defendant's title and interest in such lands, and

that the warranty must be taken in a limited sense, and restricted to the defendant's title and interest.

There are other cases to the same effect, but it would profit nothing to refer to them.

Judgment reversed, demurrer sustained, the declaration adjudged insufficient, and judgment for the defendant to recover his costs.