### ALLEN PALMER'S EXR. *v.* PATRICK RYAN.

*Covenant. Condition subsequent. Provision in deed to maintain division fence.*

The warranty deed from the plaintiffs' grantor contained this clause: "Provided and reserving that the said Barna. Wood and Jonathan Wood shall erect and thereafter maintain at their own expense, and that of their grantees, all of the division fence between us." *Held*, that this constituted an implied covenant upon the part of the grantees, and their assigns, and that it was not a condition subsequent upon the breach of which an action of ejectment would be.

Ejectment. Plea, the general issue. Heard upon an agreed statement of facts at the September term, 1890, Taft, J., presiding. Judgment for the plaintiff.

The defendant excepts.

The land in question was originally owned by Palmer, who conveyed to Barna. and Jonathan Wood by warranty deed dated Oct. 19, 1861. This deed contained the following clause: "Provided and reserving that the said Barna. Wood and Jonathan Wood shall erect and hereafter maintain at their own expense, and that of their grantees, all of the division fence between us."

The parcel embraced about ten acres of wood-land and adjoined other lands of Palmer. In 1870 the Woods conveyed by deed warranty to the defendant, who for several years previous to the bringing of this suit had neglected to maintain the division fence between this and Palmer's land, so that the cattle of the defendant had frequently strayed upon the land of Palmer. This suit was brought after the death of Palmer by his executor, who claimed that the neglect of the defendant to maintain the division fence had worked a forfeiture.

*Butler & Moloney,* for the defendant.

The law does not favor a forfeiture. *Duryea* v. *Mayor,* 62 N. Y. 594; *Lorillard* v. *Silver,* 35 N. Y. 578; *Weir* v. *Simmons,* 55 Wis. 637.

"All the division fence between us," refers to the parties alone. Palmer being dead, the condition is no longer operative. *Wilder* v. *Wheeldon,* 56 Vt. 344.

The clause in the deed being without words of forfeiture or re-entry, constitutes a covenant merely and not a condition subsequent. 1 Wash. Real Prop. 469, Sec. 5; 2 Bacon's Ab. 287; *Emerson* v. *Simpson,* 43 N. H. 475; 82 Am. Dec. 168; *Crane* v. *Hyde Park,* 135 Mass. 149; Sedg. & Wart. Trial of Title, Sec. 213; *Merrifield* v. *Cobleigh,* 4 Cush. 179; *Lyon* v. *Hersey,* 4 Cen. R. 384; *Cragis* v. *Wells,* 11 N. Y. 315.

*Bromley & Clark,* for the plaintiff.

The title of the defendant was defeated by his failure to perform the condition of the deed. *Ragan* v. *Walker,* 1 Wis. 527; *Underhill* v. *S. & W. R. R.,* 20 Bar. 455; *Emerson* v. *Simpson,* 43 N. H. 475; *Hammond* v. *Port Royal Ry. Co.,* 15 S. C. 10; *Page* v. *Palmer,* 48 N. H. 385; *Blanchard* v. *Morey,* 56 Vt. 170.

The opinion of the court was delivered by

THOMPSON, J.   The warranty deed from Allen Palmer, plaintiff's testate, to Barna. and Jonathan Wood, after the usual covenants of *seisson* and warranty, contained the following clause : "Provided and reserving that the said Barna. Wood and Jonathan Wood shall erect and hereafter maintain at their own expense, and that of their grantees, all of the division fence between us."

At the time of the execution and delivery of this deed, the land conveyed by it, adjoined other land then owned by Palmer. The defendant holds title to the land conveyed to the Woods, by conveyances from them and their grantees, and has been in possession thereof since January, 1870.  For several years next before the bringing of this suit, he has neglected to erect and maintain a division fence between this land, and land belonging to the estate of said Palmer, deceased, and in consequence of such failure the defendant's cattle have frequently gone upon the lands of said estate and done damage.

The plaintiff contends that the clause in the said deed above quoted, is a condition subsequent, that it has been broken, and that consequently the title to the land conveyed to the Woods has reverted to the grantor or his heirs, and that the plaintiff as the legal representative of Palmer is entitled to recover possession thereof in an action of ejectment.  If this clause is a condition subsequent which has not been performed or which has been broken, and the proper steps have been taken, this contention is sound ; if it is not such a condition, then this action cannot be maintained.

The law does not favor forfeitures.   *Waterman* v. *Clark*, 58 Vt. 601.

All contracts under which forfeitures are claimed are to be construed strictly to avoid such result.   *Lyon* v. *Hersey*, 103 N. Y. 264 (4 Cent. Rep. 384 ); *Emerson* v. *Simpson*, 43 N. H. 475, (82 Am. Dec. 168); 4 Kent's Com. 129.

No particular form of words is necessary to create a condition, yet it is essential that some words shall be used which *ex vi*

*termini* clearly express an intention to create an estate dependent upon the performance of some duty or the happening of some contingency provided for. *Lyon* v. *Hersey*, *supra*.

In Chitty on Con. (10 Am. Ed. By Perkins), 93, it is said, "a covenant or agreement may arise from words introduced into a clause by way of *proviso* or condition, if there is sufficient to show that the parties meant to agree that the particular thing mentioned in the clause should be done." 2 Pars. Con. (5th Ed.) 511; Bac. Abridg. Title, Covenant, A.

Chancellor Kent says: "If it is doubtful whether a clause in a deed be a covenant or a condition the courts will incline against the latter construction." 4 Kent's Com. 132.

The intention of the party to the deed when it can be clearly ascertained from the instrument is to control unless it conflicts with some rule of law, but conditions and limitations are not to be raised by mere inference and argument. Kent's Com. 132; *Flagg* v. *Eames*, 40 Vt. 16; *Blanchard* v. *Morey*, 56 Vt. 170.

The Woods by accepting the deed from Palmer became bound by the provisions of the clause in question. Applying the principles above stated, we hold that this clause was an implied covenant on the part of Barna. and Jonathan Wood, that they and their grantees should erect and maintain the division fence between the land conveyed to them and the land of Palmer adjacent thereto. There is nothing in the deed which suggests that the parties thereto intended or understood that a failure to comply with this clause should work a forfeiture of the land. An action of ejectment cannot be maintained for a breach of this covenant.

This view of the case renders it unnecessary to pass upon the question whether this covenant was terminated by the death of Palmer.

*Judgment reversed, and judgment for the defendant.*