## STATE, EX. REL. S. D. ALLEN,

v.

## WILLIAM H. BUCHANAN.

ORLEANS COUNTY, 1893.

Before : Ross, CH. J., ROWELL, START AND THOMPSON, JJ.

*Quo warranto. Bond of town constable. Delivery to town clerk. Computation of time.*

1.  If a first constable neglects for ten days after request by the selectmen to furnish an official bond pursuant to R. L. 2,674, the supreme court will render judgment of ouster against him upon information for *quo warranto.*

2.  In computing the ten days, the day of the request should be excluded.

3.  The delivery of such a bond to the town clerk is a good delivery to the town.

Information for *quo warranto.* Heard at the May term, Orleans county, 1893. The case appears in the opinion.

*John W. Gordon* for the relator.

The day of the request should be included in the computation of time. *Presbrey et al.* v. *Williams*, 15 Mass. 193 ; *Glassington et al.* v. *Rawlins*, 3 East 407 ; *King* v. *Adderly*, Dougl. 463 ; *Norris* v. *The Hundred of Gautris*, 465 ; *Pugh* v. *The Duke of Leeds*, Cowp. 714.

A delivery to the town clerk was insufficient. There could be no acceptance save by the selectmen. *Robinson*

v. *Robinson's Exrs.*, 32 Vt. 738; *Denton* v. *Perry et al.*, 5 Vt. 382; Murfree Official Bonds, s. 48; 1 Washb. Real Prop., 288, 289, 293; *Jackson ex. dem. Eames* v. *Phipps*, 12 Johns. 418; *Walsh* v. *Ins. Co.*, 54 Vt. 351; *Elmore* v. *Marks et al.*, 39 Vt. 539; *Dwinell* v. *Bliss*, 58 Vt. 353; *Preston* v. *Baker*, 30 Wis. 644.

*Barney & Hoar* for the defendant.

In the computation of time in cases like the one under consideration, the day of the act is excluded. *Pratt* v. *Swanton*, 19 Vt. 65; *Chaffee* v. *Harrington*, 60 Vt. 718.

The delivery to the town clerk was sufficient. *Foot* v. *Styles*, 57 N. Y. 399; *Cronin* v. *Stoddard*, 97 N. Y. 271; Throop Public Officers, 173; Paine Elections; 233, Murfree Official Bonds, 216.

THOMPSON, J. The defendant was elected first constable and collector of taxes of Barre at the annual town meeting in March, 1893. He immediately took the oath of office, had the same recorded, and at once entered upon the duties of these offices, and has since continued to exercise them. Pursuant to the requirements of R. L. s. 2,674, the selectmen of Barre, on the 27th day of March, 1893, requested him to give an official bond to the town in the sum of ten thousand dollars, signed by himself and four or five sureties, whose aggregate property above their debts and liabilities should amount to at least ten thousand dollars. It is alleged that he has not given such a bond. In case of a neglect to give a bond within ten days after request by the selectmen so to do, R. L. s. 2,674 declares that this office shall be vacant. In this respect this statute is mandatory, and unless the defendant has complied with its requirements, it is the duty of this court to render a judgment of ouster against him.

The defendant had until April 6, 1893, in which to give

the bond, the day when he was requested to furnish it being excluded from the ten days by s. 26, R. L. It is conceded by the agreed case that on the 6th day of April, 1893, the defendant delivered to the town clerk of Barre, for the town, a bond in all respects such as the selectmen had requested him to give. The relator contends that this was not a delivery to the town, and that the only way the defendant could give the bond to the town within the meaning of the statute was by delivering it to one of the selectmen. We think this is too narrow and technical a construction of the statute. The law does not favor forfeitures. *Waterman* v. *Clark*, 58 Vt. 601; *Palmer* v. *Ryan*, 63 Vt. 227. The object of the law in requiring a bond is to protect the town against the possible misfeasance or nonfeasance of the officer in the exercise of the office. Neither the defendant nor his sureties could dispute their liability under this bond as delivered, in case he were sued thereon for a breach of his official duty. *Weston* v. *Sprague*, 54 Vt. 395. The town clerk is the custodian of the permanent files and records of the town, either by express law making him such custodian or by the immemorial usage in this State. While a delivery of the bond to the selectmen would have been sufficient, we hold that the delivery of it to the town clerk for the town was also a compliance with the law, and that consequently the defendant gave a bond to the town as requested within ten days after request by the selectmen.

*Judgment that the defendant be allowed his offices of first constable and collector of taxes, and that he recover his costs.*