# WILLIAM G. MARSH

v.

# WILLIAM G. FISH ET AL.

JANUARY TERM, 1894.

*Covenant.   Construction of in deed.*

The widow and the sole heir-at-law of the intestate quit-claimed certain premises to the plaintiff, covenanting in said deed that if any claim or claims against the estate of the intestate were not otherwise paid and became a lien upon the said premises, they would pay said claims and save the plaintiffs harmless therefrom.   *Held*, that this covenant did not extend to a right of way across the premises.      .

Covenant broken.   Heard upon general demurrer to the declaration, at the September term, 1892, Rutland county, ROWELL, J., presiding.   Demurrer sustained and judgment for the defendant.   The plaintiff excepts.

*J. C. Baker* for the plaintiff.

Reasonably construed in view of the situation of the parties the covenant in the deed is against an incumbrance like a right of way.   *Bartholomew* v. *Muzzy*, 61 Conn. 387 ; *Flagg* v. *Eames*, 40 Vt. 16 ; *Blanchard* v. *Morey*, 56 Vt. 170 ; *Post* v. *Weil*, 115 N. Y. 361 ; *Witt* v. *Railway*, 38 Minn. 122 ; *Jerome* v. *Oatman*, 66 Mich. 668 ; *Smith* v. *Pollard*, 19 Vt. 272 ; *Zinc Co.* v. *Franklinite Co.*, 13 N. J. Eq. 322.

*Geo. E. Lawrence* for the defendant.

The deed is a quit-claim except as to claims against the estate of W. G. Fish and only the covenant in that respect is enforceable. *Smith* v. *Pollard*, 19 Vt. 277 ; *Bowell* v. *Thrall*, 28 Vt. 382 ; *Brown* v. *Jackson*, 3 Wheat. 449; *Blanchard* v. *Brooks*, 12 Pick. 47 ; *Allen* v. *Holton*, 20 Pick. 458 ; *Sweet* v. *Brown*, 12 Met. 175 ; *Cummings* v. *Dearborn*, 56 Vt. 441.

THOMPSON, J.   This is an action of covenant broken, heard below on a general demurrer, which was sustained, the declaration adjudged insufficient, and judgment for the defendants to recover their costs.   From the declaration it appears that the defendant Caroline M. Fish is the widow, and the defendant William G. Fish is the sole heir at law of Winslow G. Fish, late of Clarendon, deceased, and that they executed to the plaintiff a quit-claim deed of a certain farm, owned by Winslow G. at the time of his decease, in and by which deed the defendants covenanted as follows, viz. :  That in case any claim or claims should be made against the estate of Winslow G. Fish, deceased, which should not be paid out of other property of the estate of said Fish, outside of the above described farm, and said claim or claims should in any way become a lien on the above described premises they, the defendants, would pay said claim or claims, and save the plaintiff harmless from all payments, demands, damages and claims for the same, so that the plaintiff should hold and enjoy said premises free and clear from all liens and incumbrances.

The alleged breach of this covenant is that at the time of the execution and delivery of the deed there was and still is a right of way across the farm, in one Frederick Chaffee or his heirs and legal representatives.

Had this quit-claim deed contained the usual covenant of

warranty against incumbrances, such covenant would not avail the plaintiff as a ground of recovery against the defendants for the alleged incumbrance. *Cummings* v. *Dearborn*, 56 Vt. 441, and the cases there cited.

The intention of the parties to a deed, when it can be clearly ascertained from the instrument, is to control, unless it conflicts with some rule of law. *Palmer's Exr.* v. *Ryan*, 63 Vt. 227.

The defendants, as the heir and widow, were entitled to all the real estate of the deceased. Their right thereto was subject to the contingency that if the personal estate of the deceased was found to be insufficient to pay the debts against the estate, all of the real estate, except the widow's homestead and dower, was by law held for the payment of such of the debts as the personal assets were inadequate to pay. A purchaser from the heir and widow took it subject to this contingency. A sale of it by an executor or administrator duly licensed by the probate court would give title without such contingency. The parties to the deed are presumed to know the law in this respect, and the language of the covenant shows that they in fact knew it. We think the true construction of the covenant is that the parties intended to only provide against the contingency of the charging the farm, to the detriment of the plaintiff, with the payment of claims which had been proven or which might be proven against the estate, in the manner provided by law. The right of way was not such a claim, nor was it one which the defendants could, by payment or otherwise, compel Chaffee or his representatives to relinquish or discharge. Should the covenant be held operative for the purpose for which it was intended, the alleged breach is not within it.

*Judgment affirmed.*