A. A. COBLE v. JOHN A. BARRINGER.

(Filed 19 April, 1916.)

**1. Appeal and Error—Theory of Case—Deeds and Conveyances—Frauds.**

A case on appeal in the Supreme Court is determined upon the theory on which it was tried in the Superior Court, and where therein a deed was sought to be reformed for fraud, and damages recovered on a breach of covenant and warranty of title in its corrected form, it may not be determined on the question as to whether there had been such breach in the conveyance as actually drawn.

**2. Deeds and Conveyances—Interest Conveyed—Covenants—Warranty.**

A covenant of warranty does not enlarge or curtail the estate granted in the premises of a deed to land, but is merely an assurance or guaranty of the title conveyed; and where a grantor conveys "all his right, title, and interest in and to the land," it will not be construed as a conveyance of the land itself, but only of the grantor's interest therein, and the warranty will be limited to the estate described.

**3. Same—Interpretation of Deeds.**

A conveyance of all the grantor's "right, title, and interest" in lands, with habendum to the grantee and his heirs forever, and with covenant that the grantor "is seized of the interest conveyed" as evidenced by a certain deed to him; that he has a right to convey such interest in fee simple; that he will warrant and defend the title to the said interest, etc.; and where the deed referred to conveys the "right, title, and interest" of the grantor therein, with full covenants of warranty: *Held*, construing the deed as a whole, the intent of the grantor, and the effect of his deed, was to convey only whatever interest he may have had in the land.

APPEAL by plaintiff from *Cline, J.*, at January Term, 1916, of GUILFORD.

The action was brought to recover damages for an alleged fraud in the preparation and execution of a deed for land, and on account of failure of the title agreed to be conveyed and warranted. On 28 February, 1913, defendants conveyed to plaintiff "all their right, title, and interest in and to two tracts or parcels of land" which are described in the complaint, with the following habendum and covenant of warranty: "To have and to hold the aforesaid tract or parcel of

COBLE v. BARRINGER.

land and all appurtenances thereunto belonging to him, the said A. A. Coble, and his heirs forever, to his and their only use and behoof. And the said John A. Barringer, one of the grantors herein, doth covenant that he is seized of the interest conveyed in this deed, evidenced by a deed made to him by Cyrus Clapp and others, and recorded in Book 245, page 105, in the register of deeds' office, in fee simple, and that he has a right to convey such interest to the grantee herein in fee simple, and that he will warrant and defend the title to the said interest to the grantee herein against all claims whatsoever." The allegation of fraud is that instead of conveying only the defendants' "right, title, and interest in and to the land," the male defendant represented to plaintiff that he was at the time the owner in fee of a five-ninths interest in the land, and that it was agreed that said defendant, who wrote the deed, should so draw the same as to state his interest specifically and to convey that interest with a corresponding covenant of warranty, and that the deed was written by said defendant not according to the agreement of the parties, but falsely and fraudulently, so as to convey only the right, title, and interest of the defendants.

The jury found against the plaintiff as to the fraud, under issues submitted to them by the court, which, with the answers thereto, are as follows:

1. Did the defendant represent to the plaintiff at the time of the execution of the deed from the defendant to the plaintiff that he, the defendant, was the owner of five-ninths interest in the lands described in the said deed? Answer: "No."

2. Did the defendant at the time of the delivery of said deed mislead and deceive the plaintiff by words or conduct which led the plaintiff to believe that he (defendant) had inserted in the deed words which represented that defendant was the owner of and warranted the title to a five-ninths interest in the land? Answer: "No."

3. Was there at the time of the execution of the said deed an outstanding and paramount title to said land in the University of North Carolina? Answer: "Yes."

4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: "Nothing."

The male defendant acquired whatever title he had from Cyrus Clapp and others, who were then supposed to be the heirs of Charles Dick, a former slave, who owned the land. It turned out that they were not the legal heirs of Charles Dick, but that he died without any heirs and the land escheated to the University of the State. Cyrus Clapp and others had commenced a special proceeding against other supposed heirs of Charles Dick to sell the land for partition. The University intervened in that proceeding, and the plaintiff was made a party thereto. It all resulted in a compromise, which was entered in

that case and under which plaintiff was allowed $349.92 out of the proceeds of sale, and he is now suing for the difference between that amount and what he paid defendant for the land, viz., $500.08, the amount paid to the defendant, as the consideration of his deed to the plaintiff, being $850. The defendants were not parties to the proceeding, but there was evidence that they were notified by the plaintiff of its pendency and were requested by him to come in and defend the title against the adverse claim of the University, and they refused to do so. The deed from Cyrus Clapp and others to the male defendant conveyed, for the consideration of $600, "all their right, title, and interest in and to the two tracts of land," with this habendum and covenant of warranty: "To have and to hold the aforesaid tracts or parcels of land, and all privileges and appurtenances thereunto belonging; and the said parties of the first part do covenant that they are seized of said premises in fee simple and have the right to convey the same in fee simple; that the same are free from encumbrances and that they will warrant and defend the said title to the same against the claims of all persons whatsoever."

Judgment was entered for the defendant upon the verdict, and the plaintiff appealed.

*Jerome & Jerome for plaintiff.*
*R. C. Strudwick for defendant.*

WALKER, J., after stating the case: First. We hear and determine a case here according to the theory upon which it was tried in the court below. *Allen v. R. R.,* 119 N. C., 710; *Hendon v. R. R.,* 127 N. C., 110; *S. v. McWhirter,* 141 N. C., 809; *Warren v. Susman,* 168 N. C., 457. In *Allen v. R. R., supra,* it was said by the Court that "While we are not bound by an erroneous admission of a proposition of law, we must have respect to the manner in which parties present and try their cases."

It is manifest, we think, that the plaintiff elected to base his right to a recovery and to stake his fortune upon the allegation of fraud. In other words, his idea was that if there was this alleged fraudulent conduct, and the deed should be so reformed as to correspond with the true agreement, there would be a breach of the covenants of seizin and warranty and right to convey. The case was tried on the issues as to the fraud, and, having lost on his chosen ground, the plaintiff must abide by the result. No issue as to the covenant and its breach was tendered or submitted, but only the issues as to the fraud and the outstanding title in the University.

Second. But if an issue as to the covenant and its breach had been submitted, we are of the opinion that the result would have been the

same. Cyrus Clapp and others conveyed to the defendant, John A. Barringer, not the land or a good and indefeasible title therein, but only their "right, title, and interest in the land." They conveyed what they had to convey, and nothing more. This was not enlarged or changed into a conveyance of the land itself by the covenants of seizin and warranty, though general in character. *Chief Justice Shaw* said of such a deed, in *Blanchard v. Brooks,* 29 Pick., 47, 67: "The grant in the deed is of all his right, title, and interest in the land, and not of the land itself, or any particular estate in the land. The warranty is of the premises, that is, of the estate granted, which was all his right, title, and interest. It was equivalent to a warranty of the estate he then held or was seized of, and must be confined to estate vested. A conveyance of all the right, title, and interest in the land is certainly sufficient to pass the land itself, if the party conveying has an estate therein at the time of the conveyance; but it passes no estate which is not then possessed by the party. *Brown v. Jackson,* 3 Wheat., 452." The case of *Allen v. Holton,* 20 Pick., 458, strongly supports the same view. It was there held that "in the case of a deed conveying 'all my right, title, and interest in and unto the ferry called and known by the name of Tiffany's ferry, and the boat which I built and now use in carrying on the ferry, and all the estate, land, and buildings standing thereon as the same is now occupied and improved by me,' with covenants of ownership, general warranty, etc., the deed purported to convey merely such right as the grantor had in the land, and that the covenants were qualified and limited by the grant." The same question was presented in *Sweet v. Brown,* 12 Metcalf, 169 (53 Mass.), where "the right, title, and interest" only were conveyed, and *Justice Wilde* said, at p. 177: "The warranty must be taken in a limited sense. It must be restricted to his title and interest. The covenant here attached to the estate and interest conveyed, and is not a general covenant of warranty of the whole parcel, particularly described by metes and bounds. Such construction will reconcile all parts of the deed and give effect to each. The question now presented is not a new one, but has been directly decided." We have cited the above authorities because the plaintiff has relied upon three cases, one of which was decided in the same court as those above mentioned: *Hubbard v. Aphthorp,* 3 Cush. (57 Mass.), 419; *Mills v. Catlin,* 22 Vt., 98; *Lull v. Stone,* 37 Ill., 224. There is no conflict, though, between these cases, when properly considered with reference to their special facts, and those which support our view.

In *Hubbard v. Aphthorp, supra,* there was a conveyance of the land with definite boundaries. These words were added, however: "meaning and intending by this deed to convey all my right, title, and interest therein." The Court said that "The construction of a deed is

to be such, if possible, as to give effect to the intentions of the parties," and, therefore, when it is a mere conveyance of all the title of the grantor, it may be held that the covenants (such as we have in this case) have no application beyond the words of the grant itself. The Court then proceeded to say: "As it seems to us, this second description was added rather for fullness and certainty than with the view of any limitation as to the tracts of land conveyed." So that the case, instead of being against the view we have expressed, is an authority in support of it. The other cases cited by appellant are substantially to the same effect, and all of them were different from the case we are considering.

The office of a covenant of warranty is, of course, not to enlarge or curtail the estate granted in the premises of the deed, but the covenant is intended as an assurance or guaranty of the title. *Roberts v. Forsythe*, 14 N. C., 26; *Snell v. Young*, 25 N. C., 379. When there is a question of construction, the covenants may well be resorted to in order to ascertain the meaning, as the whole deed must, in such a case, be considered. *Mills v. Catlin, supra.* The Court said with reference to this matter, in *Allen v. Holton, supra:* "Whatever may be thought of the intention of the parties in that case, we think the intention as to the extent of the grant in the present case is sufficiently plain. The grantor conveys his own title only, and all the subsequent covenants have reference to the grant, and are qualified and limited by it. That this was the intention of the parties cannot, we think, be reasonably doubted, and the words of the covenants are to be so construed as to effectuate that intention."

Third. But a deed should be construed as a whole. One part is to help expound another, and every word, if possible, is to have effect, and none should be rejected if material, and all the parts thereof should be reconciled and stand together so as to ascertain and execute the intention. *Gudger v. White*, 141 N. C., 507; *Triplett v. Williams*, 149 N. C., 394; *Lumber Co. v. Lumber Co.*, 169 N. C., 80; *Mills v. Catlin, supra.* Applying this well recognized principle to a case having facts similar to this one, the Court said, in *Sweet v. Brown, supra*: "The covenants are in terms general; but in the construction of a deed we are to look at the whole deed, and the covenants are to be construed so as to give effect to the intention of the parties, so far as it can be done consistently with the rules of law. The warranty is of the premises which were granted and conveyed by the deed. But that was 'all my right, title, and interest in and to the parcel of real estate,' etc. It was not a grant of certain land, in general terms, but of his title and interest in such lands, and this particularly and fully expressed." There can be no question in this case that the parties were doubtful

29—171

as to the title, and especially as to whether Cyrus Clapp and the others, who conveyed the land to Mr. Barringer, had inherited from Charles Dick, who had been a slave, under the provisions of the statute in regard to the descent and devolution of property from former persons who had been in slavery, and this was doubtless the reason why they worded the deed cautiously and conveyed only "the right, title, and interest," whatever that may have been at the time. It is apparent from both deeds that the intention was not to go beyond the right, title, or interest of the grantors in describing what was conveyed. The covenant in the deed of Mr. Barringer refers three times to the interest and not to the land, showing clearly that he intended to restrict the covenant to that interest, whatever it was and if it was anything, and that it was also intended not to convey a good title with a covenant to protect it, but only an interest—not the title itself, but only the chance of a title. The theory of the defendants, as to both deeds, is, therefore, this: that the conveyance is to be treated as one only of the right, title, and interest of the grantor in the land described, and the covenant as coextensive with such a grant only, and so as not to extend further; and in this view we concur. Apart from the actual intention as gathered from the deeds, there are many authorities sustaining ours as the legal construction of the instruments, in addition to those already cited. *Reynolds v. Shaver,* 59 Ark., 299; *Hanrich v. Patrick,* 119 U. S., 175; *Allison v. Thomas,* (Cal.) 1 Am. St., 90; *Derrick v. Brown,* 66 Ala., 162; *Wightman v. Apofford,* 56 Iowa, 145; *Cummings v. Dearborn,* 56 Vt., 441; 1 Warville on Vendors (2 Ed.), p. 516, sec. 437; 9 Am. and Eng. Enc., 104; see, also, generally, *Lumber Co. v. Price,* 144 N. C., 53; *Bryan v. Eason,* 147 N. C., 292.

The Court in *Reynolds v. Shaver, supra,* quoting Tiedeman on Real Property, sec. 858, says: "If a deed purports to convey in terms the right, title, and interest of the grantor to the land described, instead of conveying in terms the land itself, a general covenant of warranty will be limited to that right or interest, and will not be broken by the enforcement of a paramount title outstanding against the grantor at the time of the conveyance." To the same effect is *Allison v. Thomas, supra,* where it is said: "It has been uniformly held that a conveyance of the right, title, and interest of the grantor vests in the purchaser only what the grantor himself could claim, and the covenants in such deed, if there were any, were limited to the estate described." *Coe v. Persons Unknown,* 43 Me., 432; *Blanchard v. Brooks, supra; Brown v. Jackson,* 3 Wheat., 449; *Adams v. Cuddy,* 13 Pick., 460; 25 Am. Dec., 330; *Allen v. Holton, supra; Sweet v. Brown, supra; Pike v. Galvin,* 29 Me., 183.

The jury, in passing upon the first and second issues, as to the fraud, have virtually found as a fact that the parties intended that

the "right, title, and interest" should pass, and it would be strange to hold, in opposition to that verdict, that the plaintiff has acquired a greater interest than the one which the parties intended should be conveyed by the deed, the latter clearly being the only interest protected by the covenant. We have shown that the legal construction accords with the actual intention as found by the jury.

But we are not deciding as to the scope of any covenant of warranty other than the particular one in the Barringer deed, and now under construction. Whether the cases we have cited were correctly decided it is not necessary for us to say. They were cited as showing how very far the courts have gone in the direction of restricting a warranty to the estate granted by the deed. We are simply confining ourselves to the question before us and the language of the deeds. The warranty here is limited by its very terms to the estate granted, as the draftsman was careful in writing the covenant to restrict its operation "to the said interest granted," which means, of course, theretofore granted in the deed.

The other exceptions and positions need not be specially considered, as our ruling disposes of them all. We may properly add that the questions were ably and learnedly presented by both sides.

The case was correctly tried, and the exceptions are overruled.

No error.