Boynton, O. J.
The following propositions relative to the delivery of deeds seem to be well established, both upon principle and authority.
1st. Where the grantor places in the hands of a depositary, a deed to be delivered to the grantee upon the death of the grantor, reserving the right or j>ower to recall the deed at any time before his death, there is no delivery, and the deed passes no title to the premises therein described. In such case the depositary is the agent of the grantor, and holds the deed subject to his direction and control. Shirley v. Ayres, 14 Ohio, 307; Cook v. Brown, 34 N. H. 460; Prutsman v. Baker, 30 Wis. 644.
2d. But where the grantor delivers the writing as his deed to the depositary, to be delivered to the grantee at his death, or on some future event, it is the grantor’s deed presently, and the depositary becomes a trustee of the grantee. Crooks v. Crooks, 34 Ohio St. 6l0; Mitchell v. Ryan, 3 Ohio St. 377; Wheelwright v. Wheelwright, 2 Mass. 452 ; Foster v. Mansfield, 3 Met. 412 ; Mathers v. Corliss, 103 Mass. 568; Hathaway v. Payne, 34 N. Y. 92. In such case the deed passes a *140 present interest to be enjoyed in the future. Ruggles v. Lawson, 13 Johns. 286 ; Tooley v. Dibble, 2 Hill, 641.
The district court found from the evidence that the deeds of Jonas Ball, Sr., deposited with Frazier were delivered to the respective parties for whom they were intended, as of the date that Frazier was directed to retain them and to deliver them to the grantees upon his, the grantor’s death. The case therefore was* held to fall within the second of the above classes. The question arising upon the record, and the only one, is, did the district court err in so finding ? Without undertaking a review, in detail, of the evidence, I will mention a few of the circumstances that lead us to agree with the district court in the view it took of the case. It appears from the testimony of Judge Frazier that at the time the grantor executed the two deeds, the delivery of which is the subject of controversy, he executed another to the children of his son Daniel, and left the three to be delivered respectively to the grantees therein named, after and upon his decease. While the three deeds were in possession of the witness and during the life of the grantor, he, the grantor, in company with Daniel, called upon the witness, and informed him that Daniel’s children threatened, to put their father off the farm that he had deeded to them, and inquired into their power to do so.
Why make this inquiry, if within his understanding, the deed had not taken effect ? Had he constituted Frazier bis agent, charged only with the duty to retain the manual possession of deeds under which no interest was intended to pass until after his decease, it seems highly improbable that he would have made inquiry as to the effect of a deed which he must have known was entirely without operation as a conveyance. Again, in each of the deeds, he was careful to reserve a life estate in himself, postponing the enjoyment in possession of the interest conveyed until after his decease. If the grantor intended no present interest to vest in the grantees, why make this reservation ? If the right of property was not to vest until the right of possession attached, and both were intended to be postponed until after his death, the reservation in the deed of the right of occupancy during the life of the grantor, was an act wholly *141 •without efficacy or effect. How can a reservation be made where no estate is granted ? How can a life estate be reserved by the grantor if the grant does not take effect until he dies ?
Qn the other hand, the act of reserving a life estate admits of a very reasonable explanation on the theory that the grantor intended the delivery to operate as a conveyance of a present estate to be enjoyed in the future, as in such case it is held, that where the grantee obtains the deed from the trustee before the event occurs upon which the second delivery was to be. made, the grantor cannot avoid the deed by a plea of non est faeimm, whether generally or specially pleaded. Wheelwright v. Wheelwright, supra.
Hence the reservation in the deeds of the right to control the possession and to receive the rents and profits was a safeguard against any controversy concerning the nse, in case the deeds fell into the hands of the grantees prior to the death of the grantor. It is true that the habendum clause in the deeds is to the effect that the grantees, their heirs and assigns, are to have and hold the premises with the appurtenances, “ from and after the decease of the grantor.” Conceding the usual effect of this clause in a deed to be, to define the extent of the ownership in the thing granted, to be held and enjoyed by the grantee, yet it is not an essential part of a deed, and its effect may not only be qualified and restrained by other parts of the deed, but where it is repugnant to the grant, it has no validity or effect whatever. It always yields to the manifest intent and terms of the grant. Flagg v. Eames, 40 Vt. 16.
In Jackson v. Meyers, 3 Johns. 395, Chancellor Kent states the rule as follows : “ The intent, when apparent and not repugnant to any rule of law, will control technical terms, for the intent, and not the words, is the essence of every agreement. In the exposition of deeds, the construction must be upon the view and comparison of the whole instrument, and with an endeavor to give every part of it meaning and effect.”
In Shepard’s Touchstone, 106, it is said the habendum, as all other parts of a deed, for the most part, shall be taken most strongly against the grantor, and most in advantage of the grantee, yet so as withal it shall be construed as near the intent *142 of the parties as may be, as in all the cases following doth appear. See Wash, on Real Prop. 483. Applying these rules of interpretation, we think it manifest that the grantor did not intend by the language of the habendum to qualify or limit the estate granted. The reservation in the deeds, as well as the facts surrounding their deposit with Frazier, is entirely inconsistent with such an intent. When the grantor was advised by his son that as he was getting old he ought to fix up his business, he informed the son that he had already done so, that he had made deeds and left them with Frazier to be delivered to the proper parties at his decease. The case in its circumstances is quite as strong in favor of the grantees as was Crook v. Crook, supra, where it was held that the title passed.

Judgment affirmed.