ELIZA A. CHAPMAN et al *vs.* RICHARD LONGWORTH.

October Term, 1898.

Present: TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed February 9, 1899.

*Deed—Description by Reference.*—A deed which, in place of describing the premises conveyed, refers to a former deed for the description, is to be read as incorporating in itself the description contained in such former deed or in a still earlier deed to which the references run back.

*Deed—Repugnant Provision Void.*—A deed which in itself or by reference to an earlier deed describes the granted premises by exact metes and bounds must be held to pass the grantor's title to the land described, although in a subsequent clause it states that for the same consideration the grantor conveys to the grantee "the use of the lane as it now is for the convenience of getting to and from the premises hereby conveyed," said lane extending across and forming a part of the land first described, for the latter clause being repugnant to the granting clause of the deed is void.

*Essentials to the Beneficial Use.*—The finding of the referee that the lane was essential to the use of the pasture and formed a part of it brings the case within the rule that everything essential to the beneficial use and enjoyment of the property designated is to be considered, in the absence of excepting clauses, as passing with the grant.

TRESPASS ON THE FREEHOLD. Heard on the report of a referee, May term, 1898, Windsor county, *Ross*, C. J., presiding. Judgment for the defendant to recover his costs. The plaintiffs excepted.

*W. W. Stickney, J. G. Sargent* and *E. B. Flinn* for the plaintiffs.

*Gilbert A. Davis* and *W. B. C. Stickney* for the defendants.

TYLER, J. On June 20, 1859, Charles Holt, being the owner of a tract of about eleven acres of land situated in Springfield, on that day conveyed ten acres and twenty square rods of the same to John Gould, and the remainder, being one acre and five square rods, to Isaac Howe. On

November 16, 1859, Gould conveyed his tract to John Tolles, who, on April 1, 1870, conveyed it to Mary W. Knight, who, on June 1, 1872, conveyed it to Isaac Howe, so that Howe, on the latter date, became the owner of the tract which Holt had severed by his deeds of June 20, 1859. The larger tract was pasture land and was conveyed by Howe to the plaintiff, Eliza A., on May 15, 1893. The description in the deed is as follows:

"Being all and the same premises conveyed by deed from Mary W. Knight to the said Isaac Howe, dated January 1, A. D. 1872, and recorded in Book 20, Page 578 of Springfield land records, to which reference may be had for a more particular description; hereby reserving from said land conveyed as aforesaid by said Mary W. Knight about two acres, be the same more or less, that the said Isaac Howe has fenced off from the easterly end of said land; and also reserving any springs of water and privileges connected therewith that may have been conveyed by former deeds at the time of the conveyance from Mary W. Knight aforesaid, or that may have since heretofore been conveyed by the said Isaac Howe, including a deed this day executed by said Isaac Howe to the executors of H. H. Spafford's estate; and the said Isaac Howe reserves the use of the premises hereby conveyed for the purpose of pasturing during the season of pasturing for this present year. The premises hereby conveyed contain about eight acres, be the same more or less; and for the consideration aforesaid the said Isaac Howe conveys to the said Eliza A. Chapman the use of the lane as it now is for the convenience of getting to and from the premises hereby conveyed."

In the deed from Knight to Howe the land conveyed has no other description than that it is the whole of the land which Tolles conveyed to her, and the same is true of the other conveyances running back to the deed of June 20, 1859, from Holt to Gould, in which the pasture and lane are carefully bounded and described. No question now

arises in respect to their identity. This description must be read into Howe's deed to the plaintiff. *Lippett* v. *Kelley*, 46 Vt. 516; *Clement* v. *Bank of Rutland*, 61 Vt. 298. The latter deed conveys the same land, with the exception of the two acres fenced off, that Holt conveyed to Gould, and is the tract shown in the plans, with a lane extending in an easterly direction therefrom to Union street.

The referee finds that the two acre piece, taken by Howe from the Knight pasture after he purchased the premises, was enclosed with his meadow, that he built the wall on the north side of this piece, which was also on the south side of the one-rod strip, and thus extended the lane westerly to the pasture. The referee's report makes it clear that the lane was not included in the two acres reserved, but was north of and separate from it.

The only question is upon the construction that shall be given to the plaintiff's deed in respect to the lane. There would be no question were it not for the last clause in the description granting the use of the lane.

It is true that when there is ambiguity in a deed the instrument must be construed so as to carry out the intentions of the parties. By what is called in the deed a *reservation* of two acres, but which was an *exception* from the terms of the grant, it evidently became necessary to extend the lane westerly along the north side of the excepted piece, for there was no occasion for a lane there before that piece of land was turned into the meadow. The deed in respect to that part of the lane has no ambiguity. It expressly conveys all of the pasture excepting the two acres that had been fenced off.

In all the deeds, from that of Holt to Gould in 1859, down to that of Knight to Howe in 1872, the conveyance of the lane was as absolute and clear in its terms as that of the pasture itself. It had been used by the different owners of the pasture in driving cattle to and from it and was necessary for that use. The deed from Howe to the plaintiff

is like the others, aside from the exception of the two acres, and the springs of water, and the final clause in the description above quoted, granting a use.

In 1895 the executrix of Howe's will conveyed the Howe premises to one Buss, who took down the fence and bars, whereupon Mr. Chapman rebuilt them in the place where they were when his wife took her deed, and litigation ensued. In 1896 the defendant bought the Howe premises, after which he removed the post and bars fifteen times and the plaintiff and her husband replaced them. The defendant's acts have led to this suit.

We think that the deed from Howe to the plaintiff must be construed to convey the fee in the lane. The precise description in Holt's deed to Gould, which must be considered as copied into the plaintiff's deed, identifying the land by metes and bounds, courses and distances, must prevail over the conveyance of a use in a later part of the premises. The grant of the fee is in clear and unambiguous terms, while the grant of the use may mean the use of the entire lane from the pasture to the street, or possibly only that part of it which lies north of the two acre piece. The clause giving the use cannot control the grant of the fee. The grant of the easement cannot have the effect to limit the grant to an easement.

A grantor cannot destroy his own grant, however much he may modify it or load it with conditions. Having once granted an estate in his deed, no subsequent clause, even in the same deed, can operate to nullify it. Devlin on Deeds, § 838a, citing *Maker* v. *Lazell*, 83 Me. 562: 23 Am. St. 795.

A deed made pursuant to a sale on execution, conveying all the right, title and interest of the judgment debtor in land specifically described, contained the phrase, "being a leasehold unexpired, originally granted." It was held to pass the fee, the execution debtor being in fact the owner at the time of the sale, the recital as to a leasehold interest not having the effect of limiting the estate conveyed. *Dodge* v. *Walley*, 22 Cal. 224, cited in note to Devlin on Deeds, § 838a.

Repugnancy is a disagreement or inconsistency between two or more clauses of the same instrument. In deeds and other instruments *inter vivos*, the general rule is that the earlier clause prevails if the inconsistency be not so great as to avoid the instrument for uncertainty. 21 Am. & Eng. Enc.. 20; 2 Bouv. Law Dict. 578. In *Doe, ex dem. Leicester*, 2 Taunt. 109, *Mansfield*, Ch. J., said, . . . . "the general rule is, that if there be a repugnancy, the first words in a deed, and the last words in a will, shall prevail." It was held in *Cutler* v. *Tufts*, 3 Pick. 272, that where the descriptive words are wholly without ambiguity, and are followed by a clause repugnant, the second clause must be rejected. ·

The fact found by the referee, that the lane was essential to the use of the pasture, and formed a part of it, brings the case within the rule that everything essential to the beneficial use and enjoyment of property designated, in the absence of excepting clauses, is to be considered as passing with the grant, as in *Snow* v. *Orleans*, 126 Mass. 453, where it was held that a deed conveying "the academy with the fence around said building," conveyed the land about the building, used in connection with it, as well as the building itself. *Sheets* v. *Selden's Lessee*, 2 Wall. 177; Shep. Touch. 94.

Greater force should not be given to an inconsistent clause in the description in a deed than is given to a *habendum*, which is contradictory to the premises. Chancellor *Kent* says, 4 Com. 468, that the *habendum* cannot perform the office of divesting the estate already vested by the deed; that it is void if it be repugnant to the estate granted. See *Cong. So.* v. *Stark*, 34 Vt. 243; *Flagg* v. *Eames*, 40 Vt. 16.

In *Alger* v. *Kennedy*, 49 Vt. 109, the description was, "the premises on the corner of College street and Center street recently occupied by E. Laporte as a French hotel." In the discussion of the case in the opinion these rules were clearly brought out: . . . "a particular description,

following closely in the same sentence and clause words of general description, is to be construed as a restriction or limitation of the general description."

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"When following a definite description, or when repugnant to a preceding description, or when manifestly added by way of further description, different rules of construction, and different considerations control the effect to be given them."

The case of *Robinson* v. *R. R. Co.*, 59 Vt. 426, upon which the defendant relies, falls under the first of these rules. There the description was, "being a strip of land four rods in width across my land, and being the same land now occupied by the St. Albans & Richford Plank Road Co. for their road," to which was added after a comma, the clause, "for the use of a plank road;" and it was held that this clause was a limitation upon the grant, and that only an easement was conveyed. The case at bar clearly falls within the second rule. The grant of the use of the lane is contained in an independent sentence in the premises of the deed, with several distinct reservations "from said land conveyed" standing between it and the absolute conveyance of the fee. We think that the latter grant must be held repugnant to the former one.

The defendant contends that the situation of Howe's buildings when he made the conveyance to the plaintiff and the necessity and convenience of having access to the north side of them, considered in connection with the language of his deed to the plaintiff respecting a use, render it incredible that he should have intended to convey the fee of the lane.

The intention of the parties is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and then giving effect to such intention, if practicable, when not contrary to law. The intent, when clearly expressed, cannot be altered by extraneous circumstances. No positive rule of law can be

lawfully violated in the search for intent.   Devlin on Deeds, §§ 835, 838, 840.

The referee has reported the facts fully, but there is no ambiguity in the deed to require extrinsic evidence to aid in its construction.   The plaintiff's deed from Howe conveyed the fee in the lane, as the lane is described in Holt's deed to Gould.

In the view of the case that we have taken upon the main question, it is unnecessary to consider the question of estoppel by a former judgment.

> *Judgment reversed and judgment on the report for the plaintiff.*