GEORGE L. HUNT v. ADDIE B. DAVIS, GEORGE W. DAVIS, AND
EDWARD E. DAVIS.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, AND HASELTON, JJ., AND
WATERMAN, SUPERIOR J.

Opinion filed February 24, 1916.

*Mortgages—Advancing Money to Pay Mortgage—Subrogation—
Loss of Right—Persons Entitled—Agreement to Give Mort-
gage—Homestead—Incumbrances—Order of Payment.*

Where a husband's real estate that included the homestead was covered
by two mortgages, one executed by himself and wife and the other
by him alone, though the latter is a valid second lien on the
property exclusive of the homestead, the wife in redeeming the
homestead from the first mortgage is entitled, as against the second
mortgagee, to have the security, exclusive of the homestead, first
applied in satisfaction of the first mortgage.

One furnishing a married woman money wherewith to redeem her
homestead from a mortgage foreclosure did not lose his equitable
right to subrogation by a contract with her that she would give
him a mortgage on the redeemed property when she should be-
come empowered to sell or mortgage it, even though the intent of
the agreement was that it was contingent on the wife's procuring
a divorce and receiving the property as alimony and thereby being
empowered to mortgage it.

Where a husband's real estate that included the homestead was covered
by two mortgages the first executed by the husband and wife and
the second by him alone, which were foreclosed by the holder of
both, and the decree, erroneously giving title to the whole property
with the mortgage interests merged, was set aside as to the second
mortgage so far as the homestead was concerned, leaving it un-
impaired as to the property exclusive of the homestead not re-
quired to satisfy the first mortgage, and the wife was allowed to
redeem by paying the amount due on the first mortgage, such pay-
ment entitled her to be subrogated to the rights of the owner of
the first mortgage as such, although he also owned the second mort-
gage, and any payment by him to her, to protect his interest in the

property outside of the homestead, would be made in his right as second mortgagee, and would not be, in effect, a return of money received in redemption of the first mortgage.

One advancing money to a wife to redeem her homestead from a mortgage foreclosure, in circumstances entitling her to subrogation to the rights of the owner of the mortgage upon payment of the amount due thereunder, upon such payment succeeds to her rights to the extent of the amount of money so advanced.

APPEAL IN CHANCERY. Heard on demurrer of defendant Edward E. Davis to the amended petition, at the April Term, 1912, Essex County, *Taylor,* Chancellor. Demurrer overruled, *pro forma,* petition taken as confessed, and decree for orator. Defendants appealed. For a fuller statement of the case, see *Davis* v. *Davis,* 81 Vt. 259.

*George L. Hunt* for the orator.

*Young & Young* for the defendants.

MUNSON, J.  The property in question is the place occupied as a homestead by George W. Davis and his wife Addie B. There were two mortgages on the property; the first signed by George W. and his wife, and the second by George W., alone. One Sweeney became the owner of both mortgages, and obtained a decree of foreclosure on both, which was invalid as against the rights of Addie B.  After the equity expired, Sweeney conveyed the property to Edward E. Davis, with a warranty against all persons claiming by, through or under him; and Edward E. conveyed the same to George W. by a deed conditioned upon the payment of a certain sum.  Mrs. Davis afterwards brought a bill against George W. Davis and Edward E. Davis to secure her homestead right, and prevailed in the litigation.  A fuller statement of the title and proceedings will be found in *Davis* v. *Davis,* 81 Vt. 259, 69 Atl. 876, 130 Am. St. Rep. 1035.

The orator in this suit was the solicitor of Mrs. Davis in the proceeding to secure her homestead, and provided part of the means with which she redeemed the property from the first mortgage under the terms of her decree.  He now seeks to secure a repayment of the sum so advanced, and other charges against Mrs. Davis, through an application of the doctrine of subrogation.

Sweeney's decree gave him the title to the whole property, with the mortgage interests merged; subject, however, to this future assertion of the homestead right. The relief of Mrs. Davis could not be accomplished by setting out the homestead, for Sweeney was entitled to hold his first mortgage security on all the property until redeemed. So the two mortgage interests were ascertained and separated by an accounting, and Mrs. Davis was allowed to redeem the property by paying the amount due on the first mortgage. The Sweeney decree was valid as to the first mortgage, for that mortgage was signed by Mrs. Davis and covered the homestead. The decree was invalid as to the second mortgage, for it held the homestead to satisfy an incumbrance which Mrs. Davis had not assented to. But the second mortgage was good as a second lien on whatever there might be outside the homestead which was not required for the satisfaction of the first mortgage. So the Sweeney decree was set aside as to the second mortgage only; and after the separation of the two mortgage interests by an accounting as a basis for a redemption of the property from the first mortgage to secure the homestead right, the decree was affirmed in other respects. This partial affirmance left unimpaired the foreclosure of the second mortgage as to any property there may have been outside the homestead and not absorbed in satisfying the first mortgage. If there is such a margin, George W. Davis, the husband, is now the owner of it by successive conveyances from Sweeney, subject to the conditional right of Edward E. Davis, his immediate grantor.

The bill as originally filed and demurred to stated that the orator, for and at the request of Addie B. Davis, paid to the clerk one hundred and sixty-two dollars to redeem the premises from the first mortgage, and charged that amount to her on book account; that the disbursements made and services rendered in the prosecution of the suit amounted to ninety-five dollars and four hundred and eighty-five dollars respectively; that the orator has requested Mrs. Davis to secure him for these charges by assigning to him her right, title and interest in the premises acquired by virtue of this redemption, excepting her homestead right therein; and that she has refused so to do. The bill as thus framed was held insufficient and dismissed. This entry was stricken off on application, and the orator had leave to amend his bill, which he did by setting up a writing executed by Mrs.

Davis two days before the payment of the redemption money. The agreement is for an expressed consideration of one hundred and sixty-two dollars paid to her full satisfaction by the orator, and the language of the undertaking is as follows: ''As soon as I shall become empowered to sell or mortgage the land and premises hereinafter decribed, or any right, title or interest therein, I will, when thereunto by said George L. Hunt requested, execute and deliver to him a good and valid first mortgage deed of said land and premises, or of such right, title or interest therein, as security for the repayment of said above mentioned sum of money, and as security for the payment of whatever I may then be owing said George L. Hunt and the firm of Amey & Hunt for legal services and disbursements.'' The bill alleges that the orator made the payment in pursuance of this promise and agreement.

The prayer of the bill, both originally and as amended, is that the orator be subrogated to all the original rights of Edward E. Davis in said first mortgage; that the amount due on said mortgage be ascertained, and that the defendants be required to pay the orator such amount, or such other amount as equity requires; and that in default thereof the defendants be foreclosed. There is an alternative prayer that the said Addie B. Davis be subrogated to all the original rights of Edward E. Davis in the first mortgage; that the orator be given a lien on the amount found due on said mortgage in satisfaction of his claims; and that the defendants be required to pay the amount so found due in discharge of said lien, or be foreclosed. There is a further prayer that the conditional deed from Edward E. Davis to George W. Davis be cancelled and decreed to be of no validity as against the orator and the defendant Addie B.

The case is before us on a demurrer to the bill, and the decision must be kept within the scope of the pleadings; but in considering the case it must be remembered that there is an unknown quantity in the problem, and that the final and exact ascertainment of the rights involved, if such an ascertainment is deemed necessary, will depend upon the valuations made and bounds established in setting out the homestead. It is alleged in the bill that from 1886 until the bringing of the bill George W. Davis occupied the premises as a dwelling place. Evidently there has been no abandonment of the homestead by the husband,

and presumably there has been no separation of the family that has received the sanction of the law.

The orator's claim, as presented in his brief, is that Addie B. Davis, by redeeming the premises from the first mortgage, became the owner of that mortgage, and was subrogated to the rights therein of Edward E. Davis, the mortgagee; and that the orator should be subrogated to all of Edward's rights in the premises under the first mortgage, not only to the extent of the money advanced to redeem the premises from that mortgage, but to the full extent of the security given him and offered to be given him by Mrs. Davis. The decree below did not include the charges for services and disbursements, and the orator, while asserting his right to them, presents no argument upon this point. The statements of the law contained in his brief relate only to money advanced to pay off a mortgage, and we find nothing in the long list of our cases, cited without extract or comment, that supports this further claim. Nor can we conceive of any ground on which the orator can establish this claim as a lien on the property superior to the rights of Edward E. Davis.

The orator states, and cites many authorities in support of, the legal propositions that one who, having no previous interest, and being under no obligation, pays off a mortgage, or advances money for its payment, at the instance of a debtor party and for his benefit, is within the just application of the doctrine of subrogation; and that where one loans money to another upon an agreement that it is to be used to pay off an existing mortgage, and that a new mortgage is to be executed to the lender therefor, the lender is entitled to be subrogated to the rights of the prior mortgagee in case the borrower fails to execute a new mortgage, or in case the new mortgage proves to be invalid or defective. No consideration is given to the terms of the writing taken by the orator, nor to its effect upon the application of the rules as stated.

The defendants contend that any right of subrogation which the orator might otherwise have had is defeated by the express terms of the writing under which he made the payment; that the writing specifies the security which the orator was to have, and that the security named was one which could not be given unless the promissor was relieved from her coverture and given the premises as alimony; that the orator's situation is not

due to any misapprehension regarding the facts, but to his failure to meet the requirement of the contract; that the plain purport of the agreement is that the orator's right to any security shall depend upon the successful prosecution of a suit for the promissor's divorce.

But we think this writing ought not, as regards the money advanced to redeem the homestead, to be treated as a bar to such relief as equity would have afforded the orator in the absence of an express agreement. The orator sought to obtain security for services and disbursements previously rendered, and the writing was drawn with this in view; but the money advanced to redeem the property was a present independent consideration, essential to the protection of the promissor's rights. The purpose of Mrs. Davis, as evidenced by the writing, was to give the orator such security as she might be able to, and the provision regarding the time and manner of giving the security ought not to be so construed by a court of equity as to work the forfeiture of a meritorious claim.

The defendants characterize the writing as an illegal contract, on the ground that the promises of payment are contingent upon procuring a dissolution of the marriage relation. But if it were to be treated as an illegal contract as regards the existing indebtedness, this would not affect the quality of the orator's payment of the redemption money at the debtor's request, as a consideration for the implied agreement upon which equity bases the right to subrogation in proper cases.

But the defendants contend that there can be no subrogation upon the case presented. It is first insisted that the redemption was a payment and extinguishment of the first mortgage as to the homestead. It is objected further that the orator seeks by subrogation to succeed to the position of Edward E. Davis for the purpose of depriving him of his rights under the second mortgage, and that if Edward E. is compelled to return to the orator the money received from Mrs. Davis to redeem the property from the first mortgage he will lose both the mortgage and the property. The proceeding is characterized as follows: "A mortgagee forecloses his mortgage. The mortgagor borrows the money with which to redeem. The lender immediately brings an action to compel the mortgagee to return the money to him. The case stands where it started, and the mortgagee again brings foreclosure and the process is repeated." It is said that we

have no case where the doctrine of subrogation has been so applied as to compel the mortgagee to return to the lender the money paid to redeem the premises.

This argument overlooks the fact that the property acquired under the Sweeney decree consisted in equity of two separate mortgage interests, one of which was subordinate to the other, and also of a limited validity. Mrs. Davis' payment redeemed the described premises from the first mortgage, and entitled her to be subrogated to all the rights of Edward E. Davis as owner of the first mortgage interest. But all the rights of Edward E. as owner of the second mortgage interest were preserved by the affirmance of the decree as modified. Those rights, however, exist with the limitations arising from the invalidity of the second mortgage as to an unascertained part of the premises described. Neither in executing the first mortgage, nor in redeeming the property, did Mrs. Davis assume any obligation to the holder of the second mortgage; and she is entitled to have the security outside the homestead first applied in satisfaction of the first mortgage. *Gordon* v. *Deavitt,* 84 Vt. 59, 65, 78 Atl. 113. The suggestions above quoted from the defendants' brief proceed on an erroneous assumption. If Edward E. Davis makes the payment called for by the decree entered below, it will not be made as a return of the money received to redeem the property from the first mortgage, but will be a payment made in his right as second mortgagee to protect his interest in the property outside the homestead. The orator is entitled to stand in the right of Mrs. Davis as regards the sum advanced to make the redemption.

Upon announcement of the decision, the death of defendant George W. Davis is suggested, and defendant Edward E. Davis asks that the remand be with leave to answer.

*The cause is remanded with mandate that the decree be affirmed as of the date of the appeal, with a new time of redemption; unless further proceedings in the court of chancery be there applied for and permitted.*

WATSON, J., concurs in the result.

MUNSON, J., questions the orator's right to this relief, in view of the express agreement under which the money was advanced.