ADA M. BENNETT ET AL. *v.* GEORGE K. BENNETT ET AL.

January Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 15, 1919.

*Deeds—Repugnant Condition—Habendum Repugnant to Grant —Subsequent Covenants—Homestead—Conveyance by Husband—Effect As to Excess—Fraud—Cancellation of Deed.*

B., the husband of the plaintiff, conveyed the premises in question to J. by warranty deed, conditioned for his and plaintiff's support. Plaintiff was not named in the body of the deed but joined in its execution. A clause in the condition provided that the title was not to vest in J. and his heirs until the death of both B. and the plaintiff. *Held*, that the clause was wholly repugnant to the grant, and was of no validity or effect.

The habendum in a deed, when repugnant to the grant, yields to the manifest intent and terms of the grant.

The habendum and subsequent covenants in a deed may modify, limit, and explain the grant, but they cannot defeat it when expressed in clear and unambiguous language.

B.'s deed conveyed to J. title to all the premises in question, outside of the homestead.

J.'s conveyance of the premises to the plaintiff, and B.'s subsequent death, vested the title to the entire premises in the plaintiff, leaving none of it in B. at the time of his death.

The plaintiff conveyed the premises to her son and took a mortgage back conditioned for her support. As a part consideration of her deed, she relied upon the son's fraudulent representation that the mortgage was also conditioned for the support of her granddaughter. *Held*, that the plaintiff was entitled to have the deed canceled and declared void.

APPEAL IN CHANCERY. Bill to cancel a deed on the ground of fraud. Heard on the pleadings and special master's report after the June Term, 1918, Caledonia County, *Slack*, Chancellor. Decree dismissing the bill with costs. The plaintiffs appealed. The opinion states the case.

*Searles & Graves* for the plaintiffs.

*Dunnett, Shields & Conant* for the defendants.

MILES, J. The bill in this case was originally brought by the plaintiff Ada M. against the defendants George K. and Annie M. Bennett, and after the same was entered in court the other plaintiffs and defendants were made parties. The parties who have taken an active part in the trial are Ada M. and the defendants George K. and Annie M. Bennett. The additional parties were made such because of a question having been raised concerning the title to the premises in question, and we think it is as well to treat that subject here as in any part of our opinion.

William H. Bennett, husband of Ada M., on August 26, 1905, conveyed the premises in question to John W. Bennett by warranty deed, conditioned for the support of William H. and Ada M. Only the name of William H. appeared in the body of the deed, but the same was duly signed and acknowledged by William H. and Ada M. The condition of the deed was as follows: "This deed is conditioned that the said John W. Bennett shall provide a good home for the said William H. Bennett and his wife, Ada M. Bennett, at the home place situated on the property above described, and shall also furnish them with proper food, clothing, and medical attendance as long as either of them shall live, and upon the decease of both, the said William H. and Ada M. Bennett, the title is to vest in the said John W. Bennett, his heirs and assigns, but not before."

On the 31st day of December, 1913, John W. conveyed the same premises, with the approval of William H., to Ada M., and on the following day, William H. and Ada M., by a sealed instrument, released John W. from all liability under and by virtue of said condition. The title to the premises remained in this condition until the death of William H., June 13, 1914. Subsequent to the death of William H., the mother of Ada M. gave her a mortgage which rested upon the premises in question, outside of the homestead, amounting from five hundred to one thousand dollars.

The plaintiff contends that because of the closing clause in the condition, viz., "and upon the decease of both the said William H. and Ada M., the title is to vest in the said John W. Bennett, his heirs and assigns, but not before," no title ever vested in John W. because Ada M. is still alive. But this is not so. The clause in the condition of the deed is wholly repugnant to its premises. The habendum in the deed, when repugnant to the grant, yields to the manifest intent and terms of the grant. If clearly repugnant to the grant, it is treated as of no validity or effect. *Adams* v. *Dunklee*, 19 Vt. 382; *Flagg Admr.* v. *Eames et al.*, 40 Vt. 16, 23, 94 Am. Dec. 363; *Congregational Society of Halifax* v. *Stark*, 34 Vt. 243; *Thompson* v. *Carl et al.*, 51 Vt. 408; *Cummings* v. *Dearborn*, 56 Vt. 441; *Deavitt* v. *Washington County*, 75 Vt. 156, 161, 53 Atl. 563; *Chapman* v. *Longworth*, 71 Vt. 228, 44 Atl. 352; *DeGoosh* v. *Baldwin et al.*, 85 Vt. 312, 317, 82 Atl. 182; *Mills* v. *Catlin*, 22 Vt. 98. Such was the common law and such is the well-settled law of this State. The covenants subsequent to the habendum are subject to the same rule. The habendum and subsequent covenants may modify, limit, and explain the grant, but they cannot defeat it when expressed in clear and unambiguous language. See cases above cited.

It is said in *DeGoosh* v. *Baldwin*, that the habendum cannot enlarge the grant, yet it may be considered in aid of its construction, and the same may be said of the covenants following the habendum.

It is said in *Chapman* v. *Longworth*: "A grantor cannot destroy his own grant, however much he may modify it or load it with conditions. Having once granted an estate in his deed, no subsequent clause, even in the same deed, can operate to nullify it."

The plaintiff further claimed that, Ada M. not being named in the deed from William H. to John W., no title or interest in the granted premises passed to John W., and therefore his deed to Ada M. passed no title to her, and the title in the premises remained in William H. to the time of his death, and is now a part of his estate. But this contention cannot be sustained. The sole deed of William H. was sufficient to convey whatever interest he had outside of the homestead, and if the premises described in the deed consisted in part of real estate, outside of the homestead, such real estate passed to John W. by that deed. *Hunt* v. *Davis*, 90 Vt. 153, 96 Atl. 814.

Under the foregoing authorities the deed from William H. to John W., having conveyed to the latter the entire interest which William H. had in the premises, outside of the homestead, subject to the condition in the deed, the conveyance from John W. to Ada M., vested her with all the title which John W. received from William H.; and, though the deed from William H. to John W. contained a condition for the support of William H. and Ada M., its release left the title resting upon the warranty deed as perfect as if the deed had never contained a condition, and Ada M., under the deed from John W., became vested with all the title to the premises outside the homestead. Upon the death of William H., Ada M. became also vested with title to the homestead (G. L. 2710), and this completed her title to the entire premises in question, leaving none of it in William H. at the time of his death. In this view it is unnecessary to consider what effect, if any, the gift of the mortgage to Ada M. had upon her title.

This holding renders it unnecessary to further consider the equitable rights of the added parties, who were made such under the claim that William H. died seized of the real estate in question, and the further consideration of the case rests upon the rights existing between the original parties, hereafter referred to as plaintiff and defendants.

The case was referred to and tried by a special master, who reported to the court, and on that report the chancellor dismissed the bill, and the case comes here on appeal from that act of the chancellor.

The controversy grows out of a conveyance of these premises from Ada M. to George K. and a mortgage back from George K. and his wife, Annie M. Bennett, conditioned for the support of

the plaintiff. The plaintiff claims that she was induced to convey the premises to the defendant George K. through his fraudulent representations that the condition of the mortgage contained a provision, not only for her support, but also for the support of the granddaughter, when in fact it contained a provision for only her own support; and she also claims that the condition contained a provision that her support was to be furnished "upon the aforesaid premises, but not elsewhere," contrary to the agreement of the parties and without her knowledge, and that she relied upon those representations and without which she would not have conveyed the premises to George K. She seeks to have her deed to George K. canceled because of the fraud contained in the condition, or to have a decree of foreclosure, if the court is of the opinion that the fraud is not sufficiently made out to justify cancellation. She claims that the deed from her to George K. should be canceled for two reasons: First, because the condition in the mortgage contains a clause that her support shall be upon the premises covered by the mortgage, "and not elsewhere," contrary to the understanding of the parties. It is enough to say of this claim that the master has found that it was not in the contemplation of either party that the support should be furnished other than on the premises conveyed.

The second reason claimed by the plaintiff why the deed should be canceled was that George K. misrepresented and led her to believe that the condition of the mortgage contained a clause for the support of her granddaughter, Marion, a motherless girl for whom the plaintiff had great affection, when, in fact, no such clause was contained in the condition. Upon this claim the master found as follows: "At the time the writings were made, the plaintiff inquired of the defendant, George K., if provision was made for Marion, and he replied in the affirmative." The defendant argues that this finding is not equivalent to a finding that the plaintiff asked George K. if provision had been made in the mortgage for Marion's support. While the finding is not in that exact language, when considered in connection with other findings, it becomes clear that that was the meaning intended to be given to it by the master. He finds that it was the understanding of all the parties that Marion should have a home and be supported on the home place, and that the plaintiff believed and understood, and had a right to believe and understand by what was said upon the occasion of the execution

of the papers, that Marion was to have a home with her and be supported by the defendants. The inquiry if provision had been made for Marion could have reference to only a provision in the mortgage then made; for it does not appear in the case anywhere that other writings were made between the parties on that occasion; and it would be beyond a reasonable inference to infer, when the parties were making a contract for the joint support of the plaintiff and Marion, as the master had found it was to be, that the contract for such joint support would be expressed in separate agreements. We think the findings of the master clearly show that George K. fraudulently represented to the plaintiff that the support of Marion was provided for in the condition of the mortgage; that the plaintiff relied upon it as a part consideration of the deed to George K.

The defendant contends that the contract, was read to the plaintiff just as it was written and in a deliberate manner by the party who wrote it, and that the plaintiff had the same opportunity to understand it as the defendant had, and was mentally capable of understanding it, and did understand it. But the master has found, as already stated, that the plaintiff did not understand it, but understood that Marion was to be supported. He also finds that at the time the papers were executed, the plaintiff was not as well and strong as claimed by the defendant. Experience in human affairs teaches us that in transactions of this kind the aged parents rely very little, if at all, upon their own judgment as to the legal effect of such contracts, and depend exclusively upon the judgment of the child to whom they are yielding the fruits of a life's endeavor and labors and the care of the remnant of their life, to see that such a contract shall be made as shall fully protect their interest. In such contracts an element of confidence is reposed by the aged people in their grantee to an extent not found in other contracts. *Bruer* v. *Bruer,* 109 Minn. 260, 123 N. W. 813, 28 L. R. A. (N. S.) 608.

We think the fraud in this case was of such a character as to give the plaintiff the equitable right to have her deed to George K. canceled as prayed for in her bill. *Chapman* v. *Long,* 66 Vt. 656, 30 Atl. 3; *Johnson* v. *Chamblee,* (Ala.) 81 South. 27. For fraud the party injured may resort to equity for relief by way of cancellation. 4 R. C. L. 494, par. 8; *Johnson* v. *Chamblee, supra.* Nothing further need be said upon the right of cancellation for fraud, for the defendants find no fault with the

claim made by the plaintiff upon the effect of the mistake of one party induced by the fraud of the other party; but they stand upon the claim that fraud has not been established by the plaintiff.

*It was error for the chancellor to dismiss the bill, and the decree is reversed and cause remanded with mandate that the deed from the plaintiff to George K. Bennett, and the mortgage from the defendants to the plaintiff, be canceled and declared void and of no effect, and that the parties execute and deliver to each other such releases as shall discharge them from all liability, the one to the other, under and by virtue of said deed and mortgage, at such time and in such manner as the chancellor may decree; that an equitable accounting between the parties be ordered, and, when made, a final decree to be entered in accordance with the views above expressed.*